

**RECEIVED**

(Amendment.)                    *(Rev. 12/8/2020)*

MAY 19 2022

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____ GW

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
Shreveport DIVISION

Jamorris Durham          Civil Action No. 22 - 0711   SEC. P
        Plaintiff

Prisoner # 41763

            VS.                    Judge S. Maurice Hicks, Jr.

Bossier Sheriff's Dep. Magistrate Judge Hornsby
        Defendant        (ET. AL.)

## COMPLAINT
### PRISONER CIVIL RIGHTS UNDER 42 U.S.C. § 1983

**I.   Previous Lawsuits**

a.   Have you begun any other lawsuit while incarcerated or detained in any facility?

Yes _____   No ___✓___

b.   If your answer to the preceding question is "Yes," provide the following information.

1.   State the court(s) where each lawsuit was filed (if federal, identify the District, if state court, identify the County or Parish):

N/A

2.   Name the parties to the previous lawsuit(s):

Plaintiffs: _____

Defendants: _____

3.   Docket number(s): _____

4.   Date(s) on which each lawsuit was filed: _____

5.   Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

_____

*(Rev. 12/8/2020)*

c.   Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?

Yes _____   No ___✓___

If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

_____

_____

**II.  a.   Name of institution and address of current place of confinement:**

Bossier Maximum Security Facility.

b.   Is there a prison grievance procedure in this institution?

Yes ___✓___   No _____

1.   Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

Yes ___✓___   No _____

2.   If you did not file an administrative grievance, explain why you have not done so.

N/A

3.   If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

I wrote numerous "inmate Communication" forms and filed an "A.R.P."

Attach a copy of each prison response and/or decision rendered in the administrative proceeding. * (Sent attachments) Previously sent.

**III.  Parties to Current Lawsuit:**

a.   Plaintiff, Jamorris Durham
      Address 2985 D.P.D. Rd. Plain Dealing, La. 71064

(Rev. 12/8/2020)

b.  Defendant, Major Craig Stokes , is employed as
Cheif of Security at Bossier Max.
Defendant, Captain Linton Jacobs , is employed as
Warden at Bossier Max.
Defendant, Sgt. Jason Gates , is employed as
Seargant at Bossier Max.
Additional defendants, Sgt. Michael Stevens, Nurse
Cindy Holley, Nurse Jennifer Johnson
(all employees of Bossier max)

## IV.   Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

1. On 9/27/21, I was wrongfully arrested by Supervisor Tim Mills, of La. State Probation & Parole; along with two of his subordinate's. I was detained and arrested on the pretext of having an arrest warrant for "something involving a firearm". Agent Mills informed me of this due to my inquiring of him of his ability to not place a hold on me, allowing me to be able to bond out. Agent Mills was presently on the phone with a Detective Tuttle, of Bossier City Police Dept. No warrant for my *(See attach'd

## V.   Relief

Page 3 of  4

*(Rev. 12/8/2020)*

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

An investigation of all claim's, dismissal of all charges, compensation for wrongful arrest, detainment, defamation of character, slandering, loss of wages, car, house, monetary Damages.

**VI.   Plaintiff's Declaration**

a.   I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

b.   I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

c.   If I am located in a prison participating in the Electronic Filing Pilot Program, I consent to receive orders, notices and judgments by Notice of Electronic Filing.

**Signed this** 17 **day of** May , **20** 22 .

D.O.C

417163 (477513)

**Prisoner no. (Louisiana Department of Corrections or Federal Bureau of Prisons)**

**Signature of Plaintiff**

Page 4 of 4

II.

b. Parties to lawsuit. (Amendment.)

Defendant, 26th Judicial District Court (et. al)
Defendant, Randy Smith, is employed as, Asst.
District Attorney, at, the 26th Judicial District
Court.
Defendant, Parker Self, is employed as, District
Judge, at, the 26th Judicial District Court.
Defendant, Micheal Nerren, is employed as,
District Judge, at the 26th Judicial District Court.
Bossier Sheriff's Dept./Detectives (et. al)
(Defendant)

Defendant, Lavaro Arnaz Ramey, is employed as,
Detective, at, Bossier Sheriffs' Dept.
Defendant, Shannon Michelle Mack, is employed
as, Detective (supervisor), at, Bossier Sheriff's
Dept.   Defendant, Justin Banet, is employed as,
Detective (Supervisor), at, Bossier Sheriff's Dept.
Defendant, "Liz", is employed as, Psyche Dr./
Nurse, at, Bossier Max.
Bossier Parish Police Jury (et. al) (Defendant)
Defendant, Christopher Tuttle, is employed as,
Detective, at, Bossier City Police Dept.
Defendant, Willie Roberson, is employed as,
Detective, at, Bossier City Police Dept.
Defendant, Bossier City Police Dept. (et. al)
Bossier Police Dept. (City) (et. al) (Defendant)
Shreveport Police Dept. (et. al.) (Defendant)
Defendant, Tim Mills, is employed as, Supervisor
at, La. State Probation and Parole, Shreveport.

III.
b. Parties to lawsuit.    (Amendment.)

La. State Probation & Parole Office, (et. al)
ShrevePort District.
Defendant, Lane Pittard, is employed as,
District Judge, at the 26th Judicial District Court.
Defendant, 26th Judicial District Districts'
Attoneys' Office (ET. AL.)
Defendant, 26th Judicial Districts' Public
Defenders' Office (ET. AL.)
IV. Statement of Claims (cont'd)
arrest had been issued, procured, produced, or
shown to me, at the time. This took place at
2525 Youree Dr. Shreveport La. 71105. I Lost
my job, car, house, liberty, and have
suffered severe mental stress and trauma
due to this unlawful arrest, and violation
of my "Due Process" rights. Also, this is a
breech of contract/violation of oath.
2. On 9/27/'21, I was picked up from the
Probation & Parole Office, at 2525 Youree Dr.
by a Shreveport Police Officer, on the pretext
of having a warrant for my arrest, through
Bossier City Police Dept./ Detectives. An
uknown agent of the Probation & Parole
Office, walked me to the police cruiser and
informed the (unknown) police officer that
his Supervisor (Tim Mills) was awaiting
"something from Bossier City". The officer
sat for a minute, looking through his

laptop, made a call to Shreveport dispatch, from his cellular phone, inquiring about a "Signature". I was then taken to Shreveport City Jail and Booked. I asked the male officer, that was booking me, if he could inform me of the charge's against me. He informed me that it was a "fugitive" warrant. I then asked him if he could inform me of the specific's and he informed me that it was for being a convicted felon in possession of a firearm, and a theft. This took place at, 755 Hope St. Shreveport, La., at the City Jail. Later, this same day, I was transported to the Bossier City Jail and booked. No warrant, or copy thereof, was ever produced to me when I inquired. This is in violation of my "Due Process" Clause.

3. On 9/28/21, I was brought to Bossier Max. and booked in. Being that I'd already been booked at Bossier City and into/onto the A.F.I.S machine, I didn't have to be put into/onto it again.

4. On 10/3/21 I was called to booking, by Deputy Yellott, and booked on warrant's for possession of stolen things and theft. I 100% positive of this due to my asking Deputy Yellott, the nature of

the Charge's. He stated. "something about
an A.T.V being stolen". (verbatim) I asked
him if I could receive a copy of the warrant
and was told. "it'll be in your discovery
packet, you'll have to go through your attorney."
This is in violation of the "Due Process" Clause,
"action's upon arrest". I am now in posses-
sion of my "Discovery Packet" and there's
no "affidavit" for arrest, or copy of a arrest
warrant for the "possession of stolen things"
or "Theft". Detective Roberson was/is the
detective responsible for this case and
procurring the investigation, warrant, etc.
All of the aforementioned agencies and
deputies/officer's had to play apart in
malfeasance in office, falsifying Police
report's/document's, violating "Due Process"
law's, and several of my constitutional
right's. The 26th Judicial District Court and
all of it's counterpart's (i.e. the judges,
district attorneys'/attornies'/and public
defenders' office.) all had to either play a
part are be aware of my right's being
violated, malfeasance in office, or the
falsifying of document's. On four of the
"Bill of Information's", the signature is
illedgible and wasn't signed by a Clerk
on the date stamped. Judge Self is the

presiding judge listed/stamped on the Bill's, but I've been going in front of Judge Pittard. I received plea offer's before the Bill of Information's were filed. This is in violation of "Due Process" on behalf of the 26th Judicial Districts', District Attorneys' Office. The signature of the Assistant District Attorney that signed the Bill's is illegible, therefore he/she can't be specificly named.

5. The wrongful detainment/arrest, done by La. State Probation & Parole SuperVisor Tim Mills, and two of his subordinate's, was due to Bossier City Police Dept./Detectives not following "Due Process" law's, or proper protocol and procedure. The Bossier Parish Sheriffs' Dept./Office, and all of the arresting Deputies are guilty of contributing to the falsifying of document's reports. None of the arrest report's are signed by a judge. This further makes the 26th Judicial District Court, the districts' attorney's office, Public Defenders' office, and the Bossier Sheriffs' Dept./Office all guilty of the violation of multiple of my constitutional right's, "Due Process" law's wrongful imprisonment (etc.)

6. Subsequently, on 10/20/21, I was sexually assaulted in my cell, F-110, here at the Bossier Maximum Security Facility. I tried to wave at the C/O that was in the Key (Garcia) to come assist me with this. I even yelled. This C/O did a walk through and I yelled for him to move this guy out of my cell. I didn't say why, at that time due to embarrassment, and being surrounded by my peer's/fellow inmate's. After waving for about 30 minute's or so, a deputy then entered the Key (Garret Hines). I again tried to gain his attention by waving a towel and yelling, to no avail. Approximately 30 minute's later Deputy Hines conducted a walk through. I'd instructed the assailant to get to the door, in fear of being physically attacked again, while my back was turned. I'd been punched in the face, about four time's, during the sexual assault. Due to being accused of sexual misconduct, myself, by a sheriff Deputy, and other experiences with Bossier Sheriffs' Deputies, I restrained myself and never fought back. In every incident, a white inmate was involved.

7. The inmate was removed from my cell, by Deputy Hines. Approximately an hour later, I was escorted to E-216 and placed on D-Seg. (Pending). Three Deputies came to get me from my cell. When I asked why, one of them responded, "I don't know, we were just told to come and get you and escort you to E-Pod, by the Sgt. Sgt. Stevens was the shift sergeant. Never did he or anyone approach me for a statement or any question's. No P.R.E.A. officer ever came to see me. No examination, of any kind ordered for me or the other inmate.

8. On 10/21/'22, I J.D. was called out of E-216, to see a Detective, (Later identified as Detective Lavaro Arnaz Ramey), who failed to identify himself properly, marandize me or "read me my rights", or take a written statement. Upon entering the interview room, he stated. "I know none of this make's sense right?" "I stated, "I know, tell me about it". He asked me, "Do you want to talk about it"? I stated, "Honestly, I don't, 'cause everytime I think about it, it makes me homicidal. Detective Ramey may have referred to this as, "an incident that occurred". This isn't in following proper protocol, or "Due

Process". I was subsequently rebooked/
Charged/arrested for "Attempted Second
Degree Rape and two counts of sexual
Battery". Judge Nerren signed the arrest
report, finding "probable Cause", without
conducting a "Preliminary Examination". This
is in violation of "Due Process" as well.
All of these interoffice violation's lead's
me to feel that there's preexisting bias
and racial profiling/Discrimination.
9. On 10/22/21, I was taken to be fingerprint
ed on the aforementioned charge's. On 10/23/21,
I began writing numerous Kite's and an
A.R.P. questioning the reason for my being
charged/rebooked. Majority of the written
Kite's went unanswered. During the book-
ing process, Deputy Yellott told me not
to worry about none of this - pointing
to the A.F.I.S machine. Lt. Lyons told
me, "it's weak". "Don't worry" about it,
immediately there-after. I wrote Cpt.
Jacobs, Lt. Evans, Sgt. Gates, and Major
Stokes, and spoke to them all about
being held on Segregation - from
pending D-Seg., to A-Seg. - several time
s. Each one of them informed me that
this was "per. Major Stokes. This is in
violation of "Due Process", the 8th amend

ment and more. Lt. Evans told me all of
this was because I failed to give a
statement when the detective came. I
wrote him (on the Kiosk) and asked
him to get the detective to come
back, to no avail.
10. On or about 10/25/'21, I wrote a Kite
to the "administrator's, Medical Staff,
and Captain Jacobs requesting my
blood to be taken, due to bodily fluid's
(ie. blood) getting into my mouth, from
another inmate. A week or more
later, I receive a typed copy of the
written Kite, signed by C. Holley, R.N.
Being that so much time has lapsed, I
wasted something and damaged the copy.
I wrote several more (written), all ign-
ored. One was responded to (on the
C.T.C' Kiosk machine by J.Johnson. In
this response, my request to be tested,
to see if I needed to be treated for a
contractable disease was "forwarded to
Sgt. Gates", who also ignored it. This is
medical malpractice, refusing fair
treatment and the right thereof.
11. Justin Banet and Shannon Mack
are both listed as defendant's being
Supervisor's a botched investigation

violating numerous "proper protocul",
Due Process", and other "constitutional"
violations".

12. I also became very ill - throwing up,
cold sweats, etc. - approximately from
10/25/'21 - 10/31/'21. Every request for
treatment or something for my stomach
was ignored.

13. Around the 8th of November, I was
seen by "Liz", a psyche Dr., due to
stating that I needed a cellmate to
talk to, to help me cope with what
I'm going through, or to see "Dr. Flye.
I was familiar with Dr. Flye and
felt comfortable enough to speak to
her, in regards to all this. When "Liz"
came to E-216, to speak to me, she
was accompanied by a nurse (Molley
Lytes) and a deputy (can't remember).
She wanted me to speak to her, thru-
ugh the door, surrounded by other
inmate's (men). I felt forced to down
my true feeling's. This is in Violation
of HIPPA Law's, and proper protocol.
14. I've met with my attorney (Ruby
Lewis) on numerous occassion's, starti-
ng on 10/5/'21, appoximately. I refra-
ined from listing her, specificly, due
14 of 17

to fear of creating a conflict, being railroaded, and because - other than some form of "interoffice" clause's" - I feel she does have my best interest at heart and is capable of giving me a fair defense. This why I listed the public defenders' office as a defendant. I feel there's a clause that keeps public defender's (Assistants) from filing certain motions. I've had to file all my own "pretrial" motions. (i.e. two motions to quash and a speedy trial motion.) I've made her aware of my concern's for wrongful arrest, a speedy trial, and all these violation's of my right's. The Bossier Parish, 26th Judicial District's, Public Defender's Office is in violation of my 6th amendment right's.

15. On 4/16/22, I had a hearing set for two "Motions to Quash" and a "Speedy Trial" motion, all filed "Pro-se"; Judge Pittard failed to acknowledge them, in my presence. This is in direct violation of my constitutional right's.

16. Bossier Parish Police Jury is responcible for the Bossier Max. Facility;

and it's security. Bossier Sheriffs' Dept./
Office is responsible for security, or
securing this facility. Both failed to
protect me in this instance. No call
button's were instituted in the cell's
upon the constructing of this "jail, The
"Mission statement" is a part of the
oath taken in being deputized or
becoming a Deputy. The sheriff is
responsible for every Deputy of "his"
department/office. the defendants
mentioned all failed to honor their
oath taken.

16. Every request for medical attenti-
on, and/or medication, and or
treatment, in reference to this
suit and it's claim's were denied/
ignored. By the medical staff
not responding to any request, no
diagnosis could be given. If there
was/is a condition, it couldn't be
known. When a request is written
to "medical", any one of the staff/
Nurses can reply (* subpeona medical
file's/kite's written and on the Kiosk
My mental state is the only condition
I feel is effected, due to not knowing
if I contracted anything, being that

16 of 17

medical refused to test me for anything. I feel I should've been tested. No medication was given.

17. I have listed all the defendant's - in whole or in part - and their involvement, to the best of my ability/knowledge/or memory. For further clarification purposes- Bossier Sheriffs' Dept./Office, Bossier Parish Police Jury, and all of the mentioned staff are involved in or party to, at least, violating one of my constitutional rights.

18. I'm currently charged with "attepted Second Degree Rape, 2 (two) Count's of Sexual Battery, 1 (one) Misdemenor Theft, 1 (one) felony theft, Convicted Felon in Possession of a Firearm, and In Possession of Stolen Things. (* Please view "Discovery details.) My attorney has informed me that the Assistant District Attorney, Jessica Green-Davis, is going after the Felony Theft and In Possession of Stolen Things, for trial. Although all matters are set for trial on 9/26/'22. Mrs. Davis has been quoted as saying, "She doesn't believe the victim and will dismiss the sex charges. My attorney, Ruby Lewis, was adamant about this fact.